[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to strike this case from the Hearing in Damages List and to place the matter on the Jury Trial List. He claims he is entitled to do so pursuant to the provisions of Section 363A of the Practice Book.
Section 363A provides for the setting aside of a default when a party who has been defaulted for failure to plead files an answer before judgment on the default is entered.
The Court does not agree that the defendant comes under the provisions of Practice Book Section 363A in this case.
On January 17, 1992 a default was entered against the defendant for failure to plead. Instead of filing an answer (as permitted by Practice Book Section 363A), the defendant moved to Set Aside the Default on February 5, 1992.
The Court ordered the Motion to Set Aside granted if the defendant filed an affidavit setting forth the existence of a defense, and filing an answer by March 10, 1992. The defendant did not comply with this order.
Accordingly, the defendant was defaulted not because he failed to plead but because he failed to comply with an order of the Court. (Practice Book Sec. 351).
While such a default may be reopened for good cause under the provisions of Practice Book Section 376, the defendant cannot now avail himself of the provisions of Section 363A.
There has been no good reason for the defendant's failure to comply with the Court order conditionally setting aside the default. That order was dated February 25, 1992. The defendant's answer was not filed until April 2, 1992, and the Motion to Strike the case from the Hearing in Damages List was filed on May 6, 1992, the very day the matter was I scheduled for a Hearing in Damages. The untimely filing of this Motion cannot be reconciled with good cause. CT Page 4463
The Motion to Strike from the Hearing and Damages List is denied.
The claim to try this Hearing in Damages to a jury was filed on May 6, 1992. The default in this case became final on March 10, 1992, Conn. Gen. Stat. Sec. 52-220 mandates that a jury claim for a hearing in damages be filed within thirty (30) days after a default has been entered.
The claim for a jury is not made in compliance with Section 52-220 and it is ordered stricken.
Accordingly, the matter should be scheduled for a hearing in damages to a Court.
BY THE COURT, HON. LAWRENCE KLACZAK, J. SUPERIOR COURT JUDGE